IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUKE BRADLEY FRANCIS                                                                                    PLAINTIFF

v.                                              Civil No. 2:20-CV-02214

ROB SCHIBBELHUT, *et. al.*                                                                           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 18 U.S.C. § 1961. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Complaint and application to proceed *in forma pauperis* (IFP). (ECF Nos. 2, 3).

Plaintiff filed his Complaint and IFP application on November 23, 2020, asserting claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. §§ 1961-1968, against all Defendants. (ECF Nos. 2, 3). As this is Plaintiff's second attempt to file these claims, the Court will detail the prior case before addressing his current Complaint.

Plaintiff previously filed an action in this District concerning these same RICO claims. *Francis v. Schibbelhut*, Case No. 2:20-cv-02073, filed on May 5, 2020. Plaintiff alleged in that case that Defendants were engaged in a "criminal enterprise" and were "engaged in a pattern of racketeering activity" through "trafficking, kidnapping, extortion and robbery." (Case No. 2:20-cv-02073, ECF No. 24 at 4). He further alleged that, as part of this enterprise, Defendants have "weaponized" the judicial process to retaliate against him for exercising his First Amendment rights. (*Id*. at 5). On August 14, 2020, the Honorable P.K. Holmes, III, dismissed that action because Plaintiff failed to plead facts which would support a reasonable inference that any one

1

defendant was guilty of a RICO violation or other constitutional deprivation. (Case No. 2:20-cv-02073, ECF No. 34 at 2). The dismissal was without prejudice "to the filing of a complaint that includes a sufficient factual basis to support a cause of action." (*Id*. at 3).

Here, Plaintiff's Complaint (ECF No. 2) is substantively identical to his first case. He provides additional facts about the alleged actions of Defendants in the form of an affidavit. (ECF No. 2-1). None of these additional alleged facts, however, give rise to a reasonable inference that any Defendant engaged in behavior which violated RICO or caused other constitutional deprivation. Plaintiff, therefore, again fails to plead any plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face.").

28 U.S.C. § 1915(e)(2)(B) requires dismissal of an IFP complaint at any time if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE and his IFP application (ECF No. 3) be DENIED as MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of December 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE